The next case is United Fuel Company v. Dewey State Bank for the appellant Mr. Cottrell, did I pronounce that correctly, and for the appellee Mr. Schroeder. You may proceed. Good morning. I'll keep my comments brief. This is not obviously a large case, but I do believe it to be an important one. You don't have any objection to the awarding of interest. Your only question is what date it should start. That's correct. As far as my understanding goes and my reading of the law is that we're basically talking about two forms of interest here. One is on the account itself for $10,000 and then what is the due date under the statute when that prejudgment interest starts. We've indicated that it's the March 2005 date, which is when the letter from the state of Illinois was received. At that point in time, then the money becomes due, then they can make a demand for it, and if then the money is not paid over or withheld, that's when the cause of action then begins. Essentially that is it. It's a unique scenario. I haven't seen any cases under the interest statute that discuss that. Essentially that's what we're going to be doing. We have the court deciding that the due date under the statute was in 1996, which was the date of the sale of the property to United. That's the date from which the trial court began the prejudgment interest, which turned out to be 13.44 years. In the record there's also another document, which is the actual assignment of the money after the sale contract, which is actually in 1997, but for whatever reason the trial court decided in 1996. Then of course we have the letter from the state of Illinois saying fine, we're done with this, you're entitled to the $10,000, and then the demand was made at that point in time. So it's going to be up to the court to determine whether or not in such a scenario that is the due date under the interest act. Quite simply. I don't have any concerns about prejudgment interest being allowed or allowed. It's just that simple. Well the certificate was dated October 6, 1995? Yes, that's correct. For six months? Yes, and that was done at the time the account was set up. It was set up for a six month cd of 5.05% interest to run for six months. Unfortunately the bank, although with no evil intent as far as I'm concerned, their procedures have not been particularly, well frankly there's some sloppiness in what they've done, but no ill will, no indication that they're paying money over wrongly. They were defrauded by parties previous in interest to United who walked in and asked for the money, and they did not have procedures in place that would stop that. It was a small town bank, and it happened. We know that. So we don't really feel that we're, we understand that we owe the money. We do, we owe the money. But it's how much interest. The only thing on the account is a six month cd of 5.05%, which comes out to $275. Nothing else was done with that account. Well who had the money all that time? The bank has the cd. There's no doubt about it. They have the cd that ran for six months. One of the questions that I have, and I know that the Fisher decision, is that if the court determines a date from which the prejudgment interest of 5%, to run, the date prior to that, based on the Fisher decision, should be what the market interest is. If there's a 5.05% cd for six months, it needs to be renewed. What's it going to be renewed at? We don't know. It's pure guesswork. There's no information about what the market rates were at that time. Whatever those market rates were, they would be entitled to. So my argument is that they were entitled to interest on the account at a market rate up until the spring of 2005. When the account money became due, and then that kicks in the prejudgment interest on the $10,000 plus whatever they were entitled to under market rates. That's our argument. And what we have is I have the judge, the truck, we're going back to not even just the written date of the actual assignment, but actually the year before that,  Our argument is market rates up to the time when the money is due, under the interest statute. We think that's 2005, when the letter from the state of Illinois came out, and after that, it's 5% simple interest. Pretty straightforward. And as I say, it's not a big case, but your decision will provide a lot of instruction down the line. Thank you. All right, thank you. Mr. Shearer. I believe that whether to award prejudgment interest and the amount of that interest rests in the sound discretion of the trial court. The judge Clemens determined that United Fuel was entitled to the interest on that account from January 22, 1996, when they bought the Heiser Company. And we disagree with counsel. We believe that when they bought the company, that's when this escrow money was assigned to United Fuel Company. And there is simply no scenario that the bank would be entitled to the interest on any amount that they're holding an escrow from that date. When they wrongfully paid the money to Heiser, I'm sorry, to Bateman in 1999, they paid him interest up to that point. And we believe that the Wernick case cited by the trial court is just right on, that whether to award the interest is in the discretion of the court. The purpose of awarding prejudgment interest is to make the injured party whole. And in fact, in Wernick, the Supreme Court had to deal with the fact that the market value at that time was more than the 5% in the interest statute. That's not an issue here. The court gave United Fuel judgment for the $10,000, said to the bank, you've got to pay it. And you owe these people interest from when the escrow account became their property. And that was in 1996. We believe that that is the correct date that the interest should begin and that the trial court was correct in ordering it. I don't see any questions. Thank you. Mr. Cato, any rebuttal? Just very briefly, Your Honor. Counsel has indicated that he's entitled to the prejudgment interest for his clientele from the date that it becomes their property. That's not what we're here to discuss. Keep your voice up. I'm sorry, Your Honor. We're not here to discuss when it became their property. We're here to determine or discuss when it becomes due and payable. And it did not become due and payable. They could not get the money. They could not ask for the money until March of 2005. Thank you. Does Wernick help you? I think Wernick does not bother me at all. It's a very customary commercial scenario, completely different than the one we have now. And I've noted in my reply brief there's some language there, and that is to the purpose of the prejudgment interest is to essentially punish that party that is holding those funds wrongfully. We do not have that same situation here. They could not release the money until 2005. So I don't think awarding prejudgment interest back to 1996 or 1997 would be appropriate. Additionally, they talk about the prejudgment interest statute making parties whole. Well, they can be whole, but we would submit that equity does not extend to simply eliminating portions of a party's obligation to prove their case. And that is, what was the interest on the account? That's their job to make themselves whole on that. And the judge's ruling in this case is simply to lift that burden from them. Thank you. All right. Thank you, Counsel. We'll take this matter under advisement and stand in recess for a few moments before the hearing.